Reuben D. Nathan, Esq. (SBN 208436)
Email: *rnathan@nathanlawpractice.com*
NATHAN & ASSOCIATES, APC
600 W. Broadway, Suite 700
San Diego, California 92101
Tel:(619)272-7014
Facsimile:(619)330-1819

Attorneys for Plaintiff
ANTHONY MORALES and the Proposed Class

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MORALES, an individual, on behalf of himself and all others similarly situated, | Case No: |
| Plaintiff | **CLASS ACTION COMPLAINT** |
| v. | |
| | <u>JURY TRIAL DEMANDED</u> |
| STEIN MART, INC.; and DOES 1 through 10, inclusive. | |
| Defendants. | |

1

**CLASS ACTION COMPLAINT**

COMES NOW PLAINTIFF, ANTHONY MORALES, WHO HEREBY ALLEGES THE FOLLOWING:

Plaintiff, ANTHONY MORALES ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant, STEIN MART, INC. (collectively referred to herein as "STEIN MART" or "Defendant").

The allegations in this Complaint, stated on information and belief, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## <u>NATURE OF THE ACTION</u>

1. Plaintiff files this class action lawsuit on behalf of himself and all similarly situated persons who purchased products from STEIN MART's retail locations based on STEIN MART's false, fabricated, arbitrary, inaccurate, deceptive, misleading unlawful advertised price discounts.

2. Plaintiff brings this against STEIN MART for violations of the California Consumer Legal Remedies Act (Cal. *Civil Code* § 1750, *et seq.*), the Unfair Competition Law (Cal. *Bus. and Prof. Code* § 17200, *et seq.*), and the False Advertising Law (Cal. *Bus. and Prof. Code* § 17500, *et seq.*).

3. STEIN MART'S website includes written representations regarding price discounts by advertising a "Our Price" (indicating STEIN MART'S Regular Price) for products that was inaccurate, inflated and arbitrary together with a "Compare at" price that purports to reflect steep discounts from STEIN MART's listed "Our Price", but which were in reality not sales prices or discounts at all.

4. The "Our Price" (indicating STEIN MART'S Price) advertised by STEIN MART for products on through all of its retail locations in California is a sham that is

**CLASS ACTION COMPLAINT**

intended to mislead and persuade consumers that the "Compare at" price reflects a deep discount in order to stimulate consumer purchases.  In reality, the  "Compare at" price advertised by STEIN MART did not represent a true market price, and was only provided in order to falsely convince consumers that the "Our Price" reflected a substantial markdown, which it did not.

5.      Advertisements regarding prices and price reductions in relation to third party pricing are material representations in that they are effective in persuading consumers regarding the value of their purchases.  STEIN MART'S conduct in advertising inflated "Compare at" pricing has been undertaken with the intent of using illusory discounts to induce consumers to purchase products from STEIN MART'S retail locations thereby increasing its sales, and falsely promote itself as a discount retailer.

6.      Plaintiff reasonably believed that any "Compare at" pricing refers to prevailing verified pricing at retail stores throughout California for the same items. Plaintiff asserts that all consumers of Defendant hold the same reasonable belief and that any other definition asserted by Defendant is created and manufactured (and not prominently and clearly displayed) by Defendant, for Defendant's sole benefit, and with the sole purpose of implementing Defendant's overall scheme and plan to generate sales and substantial profits at the expense of Plaintiff and its other consumers.

7.      The "Compare at" advertised by STEIN MART is higher than the regular price advertised by STEIN MART'S competitors for the same products and/or there is no actual product for sale in order to compare STEIN MART's "Our Price" displayed on its price tag.

8.      STEIN MART'S "Our Price" therefore does not reflect a true discount and/or is higher than the prices offered by STEIN MART'S competitors, if any such comparisons actually exist.

**CLASS ACTION COMPLAINT**

9.      STEIN MART fabricates and falsifies the advertised "Compare at" pricing in a concerted effort to deceive consumers into paying inflated prices under the false impression that they are receiving steep discounts.  In doing so, STEIN MART conceals the truth about its "Our Price" (indicating STEIN MART'S Regular Price) scheme and intentionally fails to disclose the true "Compare at" prices to its consumers.

10.     Plaintiff, the Proposed Class, and the general public have relied on the false representations about STEIN MART's "Compare At" (indicating STEIN MART'S Regular Price) pricing as set forth on STEIN MART's tags.  Plaintiff would not have purchased the products from STEIN MART'S had he known that that "Compare at" did not offer any discount at all and was, in fact, a higher price than that offered by STEIN MART'S competitors at the time.

11.     The FTC requires that "[a]dvertisers must have evidence to back up their claims ("substantiation"). . . . Before disseminating an ad, advertisers must have appropriate support for all express and implied objective claims that the ad conveys to reasonable consumers. When an ad lends itself to more than one reasonable interpretation, there must be substantiation for each interpretation. The type of evidence needed to substantiate a claim may depend on the product, the claims, and what experts in the relevant field believe is necessary." *(Emphasis added)*

12.     The FTC Pricing Guides, 16 C.F.R. §233.2, provide rules for merchants such as Defendant that claim "to offer goods at prices lower than those being charged by others for the same merchandise in the advertiser's trade area." The FTC Pricing Guides require that when merchants such as Defendants use advertising that compares their prices to higher comparative prices for the same merchandise, "the advertised higher price must be based on fact, and not be fictitious or misleading."  The FTC Pricing Guides further provide: "Whenever an advertiser represents that he is selling below the prices being

**CLASS ACTION COMPLAINT**

charged in his area for a particular article, he should be reasonably certain that the higher price he advertises does not appreciably exceed the price at which the prevailing price and/or substantial sales of the article are being made in the area - that is, a sufficient number of sales so that a consumer would consider a reduction from the price to represent a genuine bargain or saving." *(Emphasis added)*

13. At all times, Plaintiff and on information and belief the Proposed Class believed that the "Compare at" pricing referenced by STEIN MART to contain an ordinary meaning that the pricing was similar to the prevailing market price or through a substantial number of sales throughout the geographic region. The "Compare at" prices on Defendant's price tags were/are not prices at which the prevailing price and/or substantial sales of those products were made in and throughout California. On information and belief, Plaintiff alleges that Defendant did not ascertain or determine that "Compare At" prices advertised on its price tags or otherwise displayed at its retail stores or on its website, including those alleged to be manufacture suggested retail price (MSRP), were in fact the prices regarded as prevailing and/or regularly charged by a substantial number of principal outlets in California. The "Compare at" (including MSRP) pricing set forth by Defendant is fictitious and propagated for the sole purpose of enticing its customers to purchase goods based on Defendant's "Our Price" scheme. Any tactics used by Defendant to define the "Compare at" is not clear and conspicuous and is intended to be concealed from Plaintiff and Class Members either in displaying through its price tags or through its website. Any attempts by Defendant to define in small print or qualify the "Compare at" price otherwise violates the FTC rules for clear and conspicuous. On information and belief, Plaintiff herein alleges that Defendant failed to verify its "Compare at" pricing in relation to the sales at other stores and outlets throughout California. Defendant's "Compare at" pricing set forth on its price tags

**CLASS ACTION COMPLAINT**

exceeded and continues to exceed the prices at which substantial sales of those products were made in California.  Plaintiff alleges that he and others similarly situated were deceived into believing that they each were receiving substantial savings in relation to the "Compare at" pricing set forth by Defendant.

14.     Since the mid-2015, Plaintiff alleges that he made purchases from STEIN MART'S retail locations in Riverside based on the false and misleading advertisements and fabricated price discounts. By way of example, Plaintiff herein alleges that among his various purchases, Plaintiff purchased the brand, Southern Pines (button down shirt) for $34.99, which is STEIN MART's "Our Price" while the "Compare at" price listed by STEIN MART was $79.50.   The brand "Southern Pines" is sold exclusively at STEIN MART. There are no other stores that sell the brand "Southern Pines" other than STEIN MART and therefore the referenced "Compare at" price is a sham.   Plaintiff purchased the Southern Pines solely on the basis that he believed he was obtaining a steep discount from STEIN MART.

15.     Plaintiff believed the facts represented by STEIN MART, i.e. that he was getting a steep discount off the regular price (otherwise stated by STEIN MART as the "Compare at" price) of the products.  In fact, Plaintiff did not receive a discount at all. On information and belief, Plaintiff paid more than he would have paid if he purchased the products on the same day and time from STEIN MART'S competitors or was lured into believing that he was receiving a steep discount which prompted Plaintiff to make the purchases, which would otherwise would not have occurred.  The "Our Price" advertised by STEIN MART are not based on the prevailing price or substantial sales in the marketplace in California, and were intended to induce and did induce the Plaintiff and the class into purchasing the products under the false understanding that he was paying

**CLASS ACTION COMPLAINT**

substantially less than the prevailing market rate.  In fact, the Plaintiff was induced to make the purchase, because STEIN MART'S supposed price reduction was/is a sham.

## PARTIES

16.    Plaintiff, ANTHONY MORALES ("Plaintiff"), is a citizen of California, who resides in the city of Riverside.

17.    Defendants, STEIN MART, INC. (hereinafter collectively "STEIN MART") is a Florida corporation, which is a retailer that sells products through its retail stores through California.

18.    The true names and capacities, whether individual, corporate, associate or otherwise of each of the defendants designated herein as a DOE are unknown to Plaintiff at this time, who therefore, sue said defendants by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to Plaintiff as alleged herein.

19.    On information and belief, Plaintiff alleges that at all times herein mentioned, each of the defendants was acting as the agent, servant or employee of the other defendants and that during the times and places of the incident in question, Defendant and each of their agents, servants, and employees became liable to Plaintiff and Class Members for the reasons described in the complaint herein, and thereby proximately caused Plaintiff to sustain damages as set forth herein.  On information and belief, Plaintiff alleges that Defendants carried out a joint scheme with a common

7

**CLASS ACTION COMPLAINT**

business plan and policies in all respects pertinent hereto and that all acts and omissions herein complained of were performed in knowing cooperation with each other.

20.   On information and belief, Plaintiff allege that the shareholders, executive officers, managers, and supervisors of the Defendants directed, authorized, ratified and/or participated in the actions, omissions and other conduct that gives rise to the claims asserted herein.  Plaintiff is informed and believes, and thereon alleges, that each of said defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## JURISDICTION AND VENUE

21.   This Court has subject matter jurisdiction according to 28 U.S.C. § 1332(d), because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs and most members of the proposed class are citizens of states different from Defendant.

22.   This Court has personal jurisdiction over Defendant, because Defendant conducts business in California and otherwise intentionally avail themselves of the markets in California to render the exercise of jurisdiction by this Court proper. Defendants have marketed, promoted, distributed, and sold the products in California through their retail stores.

23.   Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because a substantial part of the acts and transactions set forth  herein occurred in this District and Defendant's conducts business within the District.

## PRIVATE ATTORNEYS GENERAL AND RELIANCE ALLEGATIONS

24.   In addition to asserting class claims, Plaintiff assert claims on behalf of Class

**CLASS ACTION COMPLAINT**

Members pursuant to California Business & Professions Code § 17200, *et seq.* The purpose of such claims is to obtain injunctive orders regarding the unlawful, unfair, deceptive business practices and false advertising alleged herein, to require the disgorgement of all profits and/or restoration of monies wrongfully obtained through STEIN MART'S unfair and deceptive business practices, as alleged herein. This private attorneys general action is necessary and appropriate because Defendants have engaged in wrongful acts described herein as part of the regular practice of their businesses. These acts and practices were unlawful, unfair and deceptive, because they caused Plaintiff, and on information and belief, reasonable consumers, to falsely believe that Defendant has and is offering discounts from the prevailing market price or based on a substantial number of sales through stores in California, which caused them to purchase merchandise from Defendant. As a result, Plaintiff and Class Members, reasonably perceived that they were receiving merchandise and products that are regularly sold in the retail marketplace at substantially higher prices than what Plaintiff and Class Members paid. Defendant's conduct induced reasonable purchasers, including Plaintiff and Class Members to buy such merchandise and products, which they otherwise would not have purchased from Defendant.

## CLASS ACTION ALLEGATIONS

25.    Plaintiff brings this action and all claims stated within on his own behalf and on behalf of all similarly situated persons pursuant to Federal Rule of Civil Procedure 23.

26.    Plaintiff seeks to certify the following class (the "Proposed Class"):

All persons located in California who purchased any product from STEIN MART'S retail stores that contained a "Compare at" price tag, within the applicable statue of limitations preceding the filing of this action to the present date.

**CLASS ACTION COMPLAINT**

27.     Excluded from the class are Defendants in this action, any entity in which Defendants have a controlling interest, including, but not limited to officers, directors, shareholders, current employees and any and all legal representatives, heirs, successors, and assigns of Defendants.

28.     Plaintiff reserves the right to amend the definition of the Proposed Class as discovery and investigation reveal additional information.

29.     There is a well-defined community of interest in this litigation and the class is easily ascertainable:

A.     Numerosity:  The members of the Proposed Class numerous that joinder of all members is impracticable. While the exact number of Proposed Class Members can only be ascertained through discovery, Plaintiff believe that thousands to hundreds of thousands of Californians have purchased and continue to purchase products from STEIN MART'S website and that, as a result, on information and belief, there are thousands of aggregate members of the Proposed Class.

B.     Typicality:  Plaintiff's claims are typical of the claims of the Proposed Class. Plaintiff and members of the Proposed Class sustained injuries and damages arising out of defendants' common course of conduct in violation of the law as alleged herein. The injuries and damages of each member of the Proposed Class were caused directly by defendants' wrongful conduct as alleged herein and are/were common to all Class Members.

C.     Adequacy:  Plaintiff does not have a conflict with the Proposed Class and is qualified to and will fairly and adequately protect the interests of each member of the class with whom he has a well- defined community of interest and typicality of claims, as alleged herein.  Plaintiff acknowledges that he have an obligation to the Court to make known any relationship, conflict, or differences vis-à-vis any class member.  Plaintiff's

**CLASS ACTION COMPLAINT**

attorneys and proposed class counsel are well versed in the rules governing class action and complex litigation regarding discovery, certification, and settlement.

D.    <u>Superiority</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy and will result in a substantial benefit to the Proposed Class, the public and the Court.  The likelihood of individual Class Members prosecuting separate claims is remote, and individual members of the Proposed Class do not have a significant interest in individually controlling the prosecution of separate actions. Because the damages suffered by individual Class Members is relatively small, the expenses and burden of individual litigation would make it difficult, if not impossible, for individual members of the Proposed Class to redress the wrongs done to them. The cost to the judicial system of the adjudication of many individualized claims would substantial whereas the litigation of these claims simultaneously as a class action will result in substantial savings of judicial resources. Furthermore, the prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications concerning the subject of this action, which adjudications could establish incompatible standards of conduct for defendants under the law alleged herein. Class treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Class treatment will enable the Proposed Class to redress the wrongs done to them and to serve the public interest by ensuring that defendants' conduct be punished and enjoined from future repetition.  Class treatment will thus result in the most fair and efficient adjudication of this controversy, as well as conferring substantial benefits on the litigants, the public and the Court.

**CLASS ACTION COMPLAINT**

30.     There are common questions of law and fact as to the class that predominate over questions affecting only individual members, including but not limited to:

A.     Whether STEIN MART has engaged in an unlawful business practice;

B.     Whether STEIN MART engaged in unlawful advertising;

C.     Whether STEIN MART products were advertised on its price tags with inflated, arbitrary, false "Compare At" (indicating STEIN MART's "Our Price") on a class-wide basis;

D.     Whether STEIN MART intentionally misrepresented the "Compare at" of sale-priced items on its price tags;

E.     Whether STEIN MART advertised prices that accurately reflected the true market prices during the three months preceding the publication of the "Compare at" for products sold on the STEIN MART price tags;

F.     Whether STEIN MART knew that it misrepresented the "Compare at" of products sold on its website;

G.     Whether STEIN MART engaged in an unlawful business practice in connection with the advertising and sale of products at its retail stores;

H.     Whether STEIN MART engaged in a misleading business practice in connection with the advertising and sale of products at its retail stores;

I.     Whether STEIN MART engaged in false advertising in connection with the advertising and sale of products at its retail stores;

J.     Whether STEIN MART concealed and/or failed to disclose material facts about its discount pricing practices;

K.     Whether STEIN MART'S practices as alleged herein were knowing, intentional, or undertaken in conscious disregard of foreseeable risk of harm to the Plaintiff and the Proposed Class;

**CLASS ACTION COMPLAINT**

L.      Whether STEIN MART knew its discount pricing scheme was illegal, unfair and/or deceptive and intended to gain an unfair commercial or competitive benefit by doing so;

M.      Whether STEIN MART is likely to continue engaging in false, misleading price comparisons such that injunctive and declaratory relief are necessary and appropriate;

N.      Whether Plaintiff and the Proposed Class are entitled to injunctive relief, restitution or disgorgement of profits and in what amount.

34.      Were if not for this class action, most Class Members would find the cost associated with litigating claims extremely prohibitive, which would result in no remedy to this widespread and ongoing harm.

31.      This class action would serve to preserve judicial resources, the respective parties' resources, and present fewer issues with the overall management of claims, while at the same time ensuring a consistent result as to each class member.

## FIRST CAUSE OF ACTION

Consumers Legal Remedies Act, California Civil Code §§ 1750, et seq.
By Plaintiff and the Proposed Class against Defendant
(Injunctive Relief Only with Reservation)

32.      Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

33.      Plaintiff and the Proposed Class are "consumers" as defined by Civil Code § 1761(d) because they purchased products from STEIN MART'S retail store for personal, family or household purposes.

13

**CLASS ACTION COMPLAINT**

34.    Products purchased by Plaintiff and the Proposed Class during the class period from STEIN MART'S retail stores are "goods" as defined by Cal. Civil Code § 1761(a).

35.    Plaintiff and the Proposed Class engaged in "transactions" within the meaning of Cal. Civil Code § 1761(e) by purchasing products from STEIN MART'S website.

36.    The Consumers Legal Remedies Act [Civil Code § 1770, *et seq.*] (the "CLRA") at section 1770(a)(5) prohibits representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have.  STEIN MART violated the CLRA by falsely representing the nature, existence and amount of price discounts by fabricating inflated "Compare at" price.

37.    STEIN MART violated the CLRA at § 1770(a)(7) because STEIN MART represented that its products were of a particular standard, quality, or grade when they are of another.  STEIN MART falsely claimed that products for sale on its website were worth a fabricated and inflated "Compare at" were therefore more valuable when, in truth, the products are/were not worth the misrepresented "Compare At" and were therefore never as valuable as advertised by STEIN MART.

38.     STEIN MART violated the CLRA at § 1770(a)(9) because STEIN MART advertised goods with the intent not to sell them as advertised.  STEIN MART always knew that the advertised "Compare at" price was not an accurate representation about the prices for the products, and that the goods were not properly valued at the "Compare at" advertised by STEIN MART.

39.    STEIN MART violated the CLRA at § 1770(a)(13) because STEIN MART made false or misleading statements of fact concerning the amount of a price reduction.  The arbitrary, illusory, fabricated, inaccurate "Compare at" advertised by STEIN MART

**CLASS ACTION COMPLAINT**

on its website were knowingly inflated by STEIN MART, and Plaintiff and the Proposed Class did not receive the discounts they thought they were receiving.

40.    STEIN MART violated the CLRA at § 1770(a)(14) because STEIN MART represented that the transaction confers or involves rights that it does not have or involve. Despite the claimed "discount" between the advertised "Compare at" price and STEIN MART's "Our Price," because the "Compare at" prices were substantially inflated, the discount presented to the Plaintiff and the Proposed Class was false, the right to receive the apparent "discount" offered by STEIN MART was not received, and the illusory "discount" offered and advertised was never delivered.

41.    Plaintiff and the Proposed Class suffered injuries caused by Defendant because they would not have purchased the products from STEIN MART if the true facts were known concerning the falsely represented price discounts.  Plaintiff and the Proposed Class relied on the advertised price discounts by STEIN MART and would not have purchased products from STEIN MART without STEIN MART'S unlawful conduct.  Had Plaintiff and the Proposed Class known the true facts of STEIN MART'S price discount scheme they would not have purchased products from STEIN MART'S website and/or would have paid less for the same or similar products elsewhere.

42.    On January 26, 2017, Plaintiff served written notice and demand on Defendant in compliance with Civil Code § 1782(a) via certified mail, return receipt requested, advising STEIN MART that it is in violation of the CLRA and demanding remedies for Plaintiff and the Proposed Class Members.

43.    Plaintiff seeks injunctive relief only for this violation of the CLRA, but reserves it right to amend this complaint to include allegations for the recovery of damages under the CLRA.

**CLASS ACTION COMPLAINT**

**SECOND CAUSE OF ACTION**
Violation of California Business & Professions Code §§17500, *et seq*.
By Plaintiff and the Proposed Class against Defendant

44.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

45.     This cause of action is brought pursuant to the False Advertising Law at Business & Professions Code § 17500, *et seq*.

46.     Plaintiff brings this cause of action as an individual, in his capacity as a private attorney general pursuant to Business & Professions Code § 17535, and on behalf of the Proposed Class.

47.     Defendant intended to sell goods through its retail stores to Plaintiff and the Proposed Class.

48.     Defendants disseminated advertising before the public in California that: (a) contained statements that were illegal, untrue or misleading; (b) defendants knew, or in the exercise of reasonable care should have known, was illegal, untrue or misleading; (c) concerned the nature, quantity and characteristics of goods intended for sale to California consumers, including Plaintiff and the Proposed Class; and (d) was likely to mislead or deceive a reasonable consumer.

49.     Cal. Bus. and Prof. Code §17501, states, in pertinent part, as follows:

> No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

50.     During the class period, STEIN MART'S scheme regarding illusory price discounts included advertisements that claimed its products were subject to discounts

16

**CLASS ACTION COMPLAINT**

based upon "MSRP" and "Our Price (indicating STEIN MART'S Regular Price) that did not reflect the prevailing market price.

51.     During the class period, STEIN MART published advertisements on its website that failed to indicate the date upon which the advertised "Regular Price" was established.

52.     STEIN MART'S illusory "MSRP" and "Our Price (indicating STEIN MART'S Regular Price) advertisements were "advertisements" within the meaning of Business & Professions Code § 17500, *et seq*., and included written inducements that were intended to cause Plaintiff and the Proposed Class to make product purchases from STEIN MART'S retail stores.

53.     At all relevant times during the class period, STEIN MART knew or in the exercise of reasonable care should have known that its representations regarding price discounts and its advertisements of "Compare at" (the suggest MSRP by STEIN MART) and "Our Price" (indicating STEIN MART'S Regular Price) were false and misleading.

54.     Plaintiff and the Proposed Class reasonably relied on STEIN MART'S false and misleading advertisements about price discounts, all of whom were exposed to STEIN MART'S false representations and who were the intended target of such false representations.

55.     Plaintiff and the Proposed Class have been harmed by STEIN MART'S false and misleading advertisements in that they made purchases which they would not have made or they paid more for products purchased from STEIN MART than they would have paid if they had known the advertisements were false and misleading, and/or they would have purchased products from some other source, or would have paid less for them.

**CLASS ACTION COMPLAINT**

56.     Plaintiff, on behalf of himself, the Proposed Class, and the general public, seeks an order for injunctive relief and restitution to remedy the ongoing harm caused by STEIN MART'S false and misleading price discount scheme.

57.     Plaintiff and the Proposed Class lost money or property as a result of Defendant's false advertising insofar as Plaintiff and the Proposed Class would not have purchased products from STEIN MART if they had reason to know that STEIN MART was and is engaging in unlawful price discount advertising.

## THIRD CAUSE OF ACTION
Violations of California Business & Professions Code § 17200, *et seq.*
By Plaintiff and the Proposed Class against Defendant

58.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

59.     Plaintiff and Defendant are "person[s]" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

60.     "Unfair competition" is defined by Business & Professions Code § 17200 as encompassing several types of business "wrongs," including, but not limited to: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, and (3) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

61.     Plaintiff, like all other Class Members, saw Defendant's "Compare at" reference prices on the products that he purchased before purchasing those products.  The "Compare at" pricing displayed by STEIN MART were material to Plaintiff and the Proposed Class, as they were to all other Class Members.  Plaintiff relied on the

**CLASS ACTION COMPLAINT**

"Compare at" prices in making her purchasing decisions.  Plaintiff, like all other Class Members, placed added value on the products he purchased from STEIN MART. Plaintiff believed the "Compare at" reference prices were true and verified comparative reference prices (i.e. MSRP) that represented the market retail prices of the products he purchased.  Because Defendant's "Compare at" prices were not true or verified comparative reference prices, the actual value of the products Plaintiff and Proposed Class purchased at STEIN MART was less then they believed and less than what they paid for those products.  Plaintiff and all other Class Members therefore paid more for the products they purchased from Defendant than the value they received.

62.     Defendant engaged in conduct which constitutes unlawful and/or unfair business practices, and unfair, deceptive, untrue or misleading advertising prohibited by Business & Professions Code § 17200, *et seq.*

### A.     The "Unlawful" Prong

63.     Beginning at a date currently unknown through the time of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Cal. Bus. & Prof. Code § 17200, et seq.  By and through Defendant's conduct STEIN MART violated and continue to violate the California Business and Professions Code sections 17200 and 17500, et seq., California Civil Code 1770, FTCA, 15 U.S.C. §45(a)(1) and 15 U.S.C. §52(a), as well as FTC Pricing Guides as a result of advertising false comparative prices as described herein.

64.     Additionally, Defendant has violated 16 C.F.R. § 233.1(a), which prohibits the Defendant from advertising false price discounts by representing fictitious, artificial, inflated prices for the purpose of enabling the offer of an illusory price reduction.

**CLASS ACTION COMPLAINT**

**B.     The "Unfair" Prong**

65.     Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant has committed acts of unfair competition that are prohibited by Business & Professions Code § 17200, *et seq*.  Defendant engaged in a pattern of "unfair" business practices that include artificial price discount scheme described hereinabove.

66.     Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statutes by engaging in practices that are immoral, unethical, oppressive or unscrupulous, the utility of such conduct, if any, being far outweighed by the harm done to consumers and against public policy by advertising non-existent price discounts to Plaintiff and the Proposed Class. Defendant has violated the "unfair" prong of the UCL by representing false, deceptive, and/or misleading comparative prices and corresponding price discounts and/or savings for merchandise where Defendant inflated and fabricated the purported "Compare at" prices for such merchandise, and failed to adequately disclose to consumers what such "Compare at" prices.  The promised discounts based on the "Compare At" pricing were false, misleading and/or deceptive.

67.     Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statutes by engaging in practices, including advertising artificial price discounts by falsely representing the "Compare at" of products on Defendant's website, wherein: (1) the injury to the consumer was substantial; (2) the injury was not outweighed by any countervailing benefits to consumers or competition; and (3) the injury was not of the kind that consumers themselves could not have reasonably avoided.

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### C.     The "Unfair, Deceptive, Untrue or Misleading Advertising" Prong

68.    Defendant's advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that Defendant's products are being sold at steep discounts when comparing Defendant's advertised "Our Price" to the "Compare at" price when in fact the price discounts are artificial and the price discounts are illusory.

69.    Plaintiff, a reasonable consumer, the Proposed Class, and the public would be likely to be, and, in fact were, deceived and mislead by Defendant's advertising as they would, and did, interpret the representations in accord with their ordinary usage, that the "Compare at" price being advertised, and the resulting apparent price discounts, were legitimate and real when, in fact, they were not.

70.    Defendant's unlawful and unfair business practices and unfair, deceptive, untrue or misleading advertising presents a continuing threat to the public in that Defendant continues to engage in unlawful conduct resulting in harm to consumers.

71.    Defendant engaged in these unlawful and unfair business practices motivated solely by Defendant's self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated; thereby unjustly enriching Defendant.

72.    Such acts and omissions by Defendant are unlawful and/or unfair and constitute a violation of Business & Professions Code section 17200 et seq. Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

73.    As a direct and proximate result of the aforementioned acts and representations described above and herein, Defendant received and continues to receive unearned commercial benefits at the expense of their competitors, the Proposed Class, and the public.

**CLASS ACTION COMPLAINT**

74.     As a direct and proximate result of Defendant's unlawful and unfair conduct described herein, Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff and the Proposed Class, who unwittingly provided money to Defendant based on Defendant's actual and implied representations when Defendant's advertised price discounts were false, artificial, illusory and unlawful.

75.     Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's unfair, unlawful, deceptive business practices and false advertising.

76.     In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

77.     Pursuant to Business & Professions Code § 17203, Plaintiff and the Proposed Class seek from Defendants, and each of them, restitution and the disgorgement of all earnings, profits, compensation, benefits and other ill-gotten gains obtained by defendants as a result of defendants' conduct in violation of Business & Professions Code § 17200 *et seq*.

78.     Pursuant to Business & Professions Code § 17204, Plaintiff and the Proposed Class seek an order of this Court enjoining Defendants, and each of them, from continuing to engage in the acts as set forth in this complaint, which acts constitute violations of Business & Professions Code § 17200 *et seq*.  Plaintiff, the Proposed Class and the general public will be irreparably harmed if such an order is not granted.

**CLASS ACTION COMPLAINT**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

1.      For an order certifying the Proposed Class under Rule 23 of the Federal Rules of Civil Procedure;

2.      For an order certifying Plaintiff as the representative of the Proposed Class and certifying Plaintiff's attorneys as Class Counsel;

3.      For an order declaring the Defendant's conduct violates the statutes and laws identified herein;

4.      For an order of judgment in favor of Plaintiff and the Proposed Class on all causes of action alleged herein;

5.      For an award of compensatory and punitive damages in amounts to be determined;

6.      For prejudgment interest;

7.      For an order of restitution and all other forms of equitable monetary relief;

8.      For an order of injunctive relief to remedy the past, present and threatened future harm of Defendant's conduct as set forth herein;

9.      For an order disgorging the ill-gotten gains obtained by the Defendant in connection with the conduct alleged herein;

//

//

**CLASS ACTION COMPLAINT**

10.     For an order awarding Plaintiff and the Proposed Class reasonable attorneys' fees and costs of suit; and

11.     For all other relief this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.


Respectfully submitted,


Dated: January 27, 2017          **NATHAN & ASSOCIATES, APC**


                                 By:     /s/ Reuben D. Nathan
                                         Reuben D. Nathan,
                                         Attorney for Plaintiff,
                                         ANTHONY MORALES and the Proposed
                                         Class

24

**CLASS ACTION COMPLAINT**